**THORNTON DAVIDSON**, #166487
DAVIDSON & HAWKINS
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:    (559) 256-9800
Facsimile:    (559) 256-9795
e-mail:thorntondavidson@aol.com

Attorneys for Plaintiff, ANN BROWNING

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN BROWNING, | Case No.: 07-3596 JL |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| UNIVERSITY OF SAN FRANCISCO GROUP LONG TERM DISABILITY PLAN; SUN LIFE ASSURANCE COMPANY OF CANADA | |
| Defendants. | |

Plaintiff Ann Browning ("Plaintiff") alleges as follows:

**JURISDICTION**

1.    Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3).  Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America.  29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

**VENUE/INTRADISTRICT ASSIGNMENT**

2.    Venue is proper in the Northern District of California in that Plaintiff is and was a resident of Muir Beach, California, Marin County, California, when it denied her claim for long-term disability benefits.  Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court in the

---

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

1

San Francisco Division.

**PARTIES**

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the University of San Francisco Group Long Term Disability Plan ("the Plan"), Policy No.: 64394, which was issued by Sun Life Assurance Company of Canada in which the University of San Francisco participates, and thereby is entitled to receive benefits therefrom. Plaintiff was a beneficiary because she was an employee of University of San Francisco, which established the Plan.

4. Defendant the Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

5. Defendant Sun Life Assurance Company of Canada, also known as Sun Life was insurer and decision maker for the Plan and is legally liable for paying the benefits sought herein.

**CLAIM FOR RELIEF**

6. Sun Life Assurance Company of Canada insured the Plan and acted on behalf of the Plan in all matters alleged herein.

7. Sun Life and the Plan provide long term disability benefits after an elimination period of 90 days, which, for a person under the age of 60 at the time the disability occurred, as was Plaintiff herein, such benefits potentially could continue until age 65.

8. In order to be eligible for benefits under the Plan, an employee must meet the Plan's definition of total disability. The Plan defines total disability, as follows:

> "**Total Disability** or **Totally Disabled** means during the Elimination Period and the next 24 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation and the Employee has Disability Earnings of less than 80% of his Indexed Total Monthly Earnings. After Total or Partial Disability benefits combined have been paid for 24 months, the Employee will continue to be Totally Disabled if he is unable to perform with reasonable continuity any Gainful Occupation for which he is or becomes reasonably qualified for by education, training or experience and the Employee has Disability Earnings of less than 60% of his Indexed Total Monthly Earnings."

9. Plaintiff was employed by University of San Francisco as a Planned Giving Officer.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

2

10. Plaintiff became disabled in September 2005.

11. Plaintiff applied for and was granted short term disability from September 2005 through September 2006.

12. Plaintiff applied for LTD benefits through Sun Life and the Plan in July 2006.

13. By letter dated September 25, 2006, Sun Life and the Plan denied her application for LTD benefits.

14. By letter dated March 19, 2007, Plaintiff appealed the denial of her LTD benefits.

15. By letter dated June 14, 2007, Plaintiff's appeal was denied, that her administrative remedies were exhausted, and she had a right to file a civil law suit.

16. Plaintiff also applied for Social Security Disability benefits. By letter dated January 12, 2007, Plaintiff was awarded monthly Social Security Disability benefits. The Social Security Administration found her to be disabled on September 9, 2005.

17. Plaintiff was initially awarded $1,283 per month from SSDI, which the Plan would reduced her monthly benefit by.

18. At all times mentioned herein Plaintiff was, and continues to be totally disabled under the terms of the Plan.

19. Defendant is judicially and collaterally estopped to deny that Plaintiff is totally disabled under the Plan because:

    A. Defendants require Plaintiff to apply for Social Security Disability benefits.

    B. Plaintiff did so, and was awarded such benefits.

    C. Pursuant to the terms of the Plan, all such benefits, except COLA's were paid or used to decrease Defendant's obligation to Plaintiff.

20. This Court is required to review the denial of Plaintiff's LTD benefits with minimal deference to Sun Life the Plan's determination because:

    A. Sun Life is both the administrator and the funding source for the Plan, and therefore has a conflict of interest;

    B. Sun Life and the Plan fiduciaries utilized medical experts to review Plaintiff's claim who had a financial conflict of interest, and therefore did not provide a

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

3

neutral, independent review process; and

  C. Sun Life and the Plan fiduciaries failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials.

21. Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the Plan.

22. Sun Life and the Plan's denial of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

23. An actual controversy has arisen and now exists between Plaintiff , Sun Life and the Plan with respect to whether Plaintiff is entitled to long-term disability benefits under the terms of the Plan.

24. Plaintiff contends, and Sun Life and the Plan disputes, that Plaintiff is entitled to benefits under the terms of the Plan for long-term disability because Plaintiff contends, and Defendants Sun Life and the Plan disputes, that Plaintiff is totally disabled.

25. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that Sun Life and the Plan is obligated to pay long-term disability benefits, under the terms of the Plan, retroactive to the first day of her eligibility, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

26. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

27. As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the Plan.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

WHEREFORE, Plaintiff prays judgment as follows:

1. For declaratory judgment against Defendants Sun Life and the Plan, requiring Sun Life and the Plan to pay long-term disability benefits under the terms of the Plan to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Plan.

2. For attorney's fees pursuant to statute.

3. For costs of suit incurred.

4. For such other and further relief as the Court deems just and proper.

Dated: August 31, 2007 _____

/s/
THORNTON DAVIDSON
Attorney for Plaintiff,
ANN BROWNING

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

5